[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15511
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 12, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:10-cr-00201-VMC-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IGNACIO MARINES-WENCES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 12, 2011)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Ignacio Marines-Wences appeals from his conviction and 21-month sentence for illegally re-entering the United States after deportation, in violation of

8 U.S.C. § 1326(a) & (b)(1), and for knowingly entering the United States at a time and place other than as designated by immigration officers, 8 U.S.C. §§ 1325(a)(1) and 1329. On appeal, Marines-Wences argues that his sentence, imposed at the top of his guideline range, was procedurally and substantively unreasonable because the district court improperly compared his case with a defendant the court had sentenced the day before, disregarded his cultural-assimilation argument, and gave inappropriate weight to his criminal history. After thorough review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

In reviewing sentences for reasonableness, we perform two steps. Id. at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S.

2

38, 51 (2007)).[1]  The district court need not discuss each § 3553(a) factor.  United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).  It is generally sufficient that the record, viewed as a whole, reflects that the sentencing judge considered the parties' arguments and has taken the § 3553(a) factors properly into account.  See, e.g., United States v. Irey, 612 F.3d 1160, 1194-95 (11th Cir. 2010) (en banc), petition for cert. filed, (U.S. Nov. 24, 2010) (No. 10-727).  "[A] district court's unjustified reliance upon any one § 3553(a) factor is a symptom of an unreasonable sentence."  United States v. Crisp, 454 F.3d 1285, 1292 (11th Cir. 2006) (brackets and citation omitted).

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51).  This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

3

3553(a)." Talley, 431 F.3d at 788. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (quotation and brackets omitted). We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Irey, 612 F.3d at 1190 (quotation omitted). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010), cert. denied, 131 S.Ct. 674 (2010). "[O]rdinarily, we would expect a sentence within the Guidelines range to be reasonable." United States v. Chavez, 584 F.3d 1354, 1365 (11th Cir. 2009) (quotation omitted), cert. denied, 131 S.Ct. 436 (2010).

Marines-Wences has not shown that his 21-month sentence was procedurally or substantively unreasonable. The district court expressly acknowledged that it had considered his arguments, as well as all of the § 3553(a) factors, in sentencing Marines-Wences at the top of his guideline range based on his criminal history. As a result, the record does not indicate that the district court unjustifiably relied on

any single factor, or on a comparison to another defendant, in sentencing Marines-Wences. Indeed, the district court noted that its purpose in mentioning the other defendant's sentencing was so that Marines-Wences could "tailor [his] comments to address" the court's concerns.

In addition, Marines-Wences's extensive criminal history, including numerous traffic convictions, as well as convictions for petit theft, shoplifting, criminal mischief, resisting an officer without violence, and giving false information to a law enforcement officer, and three cocaine offenses, implicated several § 3553(a) factors. Specifically, they were relevant to Marines-Wences's history and characteristics, the need to promote respect for the law, the need to afford adequate deterrence, and the need to protect the public from future crimes of the defendant. 18 U.S.C. § 3553(a). Therefore, the district court's consideration of the § 3553(a) factors was not erroneous. Moreover, because Marines-Wences's sentence was within his guideline range, we would ordinarily expect it to be reasonable. Chavez, 584 F.3d at 1365. Accordingly, we affirm.

**AFFIRMED.**